**STATE of Minnesota, Respondent,**

v.

**GE HER, Appellant.**

### No. A13–1586.

Court of Appeals of Minnesota.

March 10, 2014.

Review Granted April 29, 2014.

Lori Swanson, Attorney General, St. Paul, MN; and Steven Collins, Redwood County Attorney, Redwood Falls, MN, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Steven P. Russett, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and STAUBER, Judge.

## OPINION

HUDSON, Judge.

Appellant, who was convicted of violating predatory-offender registration requirements, challenges the imposition of a statutorily mandated ten-year conditional-release term for risk-level-III offenders. He argues that an offender's risk level at the time of the violation is a fact that increases the statutory-maximum sentence, and therefore, pursuant to *Apprendi* and *Blakely*, must be determined by a jury, not the judge. We affirm.

## FACTS

Appellant Ge Her was required to register as a predatory offender following convictions of third-degree criminal sexual conduct, conspiracy to commit criminal sexual conduct, and committing a crime for the benefit of a gang. Prior to appellant's release from prison, a risk-assessment committee determined that he is a risk-level-III offender. Appellant was later convicted of violating predatory-offender registration requirements after he failed to notify authorities of a change in his primary residence. Appellant received the presumptive sentence of 16–months' incarceration, as well as a statutorily mandated ten-year conditional-release term based on his status as a risk-level-III offender at the time of the registration violation. *See* Minn.Stat. § 243.166, subd. 5a (Supp.2013).

Appellant filed a motion seeking to vacate the ten-year conditional-release term, arguing that it was unauthorized by law because it violated the rules set forth in *Apprendi* and *Blakely* because the judge, not a jury, found that he was a risk-level-III offender at the time of his registration violation. The district court denied the motion, concluding that a defendant's risk level is analogous to the existence of a prior conviction or probation status and is not a fact constitutionally required to be determined by a jury. This appeal follows.

## ISSUE

Did the district court err by concluding that an offender's risk level at the time of a registration violation is analogous to the existence of a prior conviction or probation status and is not a fact constitutionally required to be found by a jury under *Apprendi* and *Blakely*?

## ANALYSIS

The district court may correct a sentence that is unauthorized by law at any time. Minn. R.Crim. P. 27.03, subd. 9. Denial of a motion to correct an unauthorized sentence will not be reversed unless the district court abused its discretion or the original sentence was unauthorized by law. *State v. Amundson*, 828 N.W.2d 747, 752 (Minn.App.2013). A claimed violation of constitutional rights presents a question

of law, which this court reviews de novo. *State v. Bobo*, 770 N.W.2d 129, 139 (Minn. 2009).

Pursuant to Minn.Stat. § 244.052, subd. 3 (2012), a panel consisting of members of the law-enforcement community and professionals familiar with sex-offender treatment uses statutory factors to determine predatory offenders' risk levels before release from prison. An assigned risk level III indicates a high risk of re-offense. *Id.*, subd. 3(e). When an offender is assigned risk level III, there is an opportunity to contest the status by requesting an administrative hearing at which the offender has the "right to be present, to present evidence in support of the offender's position, to call supporting witnesses, and to cross-examine witnesses testifying in support of the committee's determination." Minn. Stat. § 244.052, subd. 6(a)-(e) (2012). An offender may appeal the administrative decision to this court by writ of certiorari. *See* Minn.Stat. § 14.63 (2012). Appellant does not challenge the constitutionality of this process, nor does he challenge his status as a risk-level-III offender. Appellant claims that his status as a risk-level-III offender at the time of his registration violation is a fact that should have been found by a jury, rather than the district court judge.

The Due Process Clause of the Fourteenth Amendment and the Sixth Amendment right to a jury trial entitle a defendant to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 474, 120 S.Ct. 2348, 2356, 147 L.Ed.2d 435 (2000) (quotation omitted); *see also State v. Grossman*, 636 N.W.2d 545, 549 (Minn.2001) (applying *Apprendi* in Minnesota). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362–63. The "statutory maximum" is the maximum sentence a court may impose *"solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004). Therefore, a court exceeds its authority when inflicting "punishment that the jury's verdict alone does not allow" because "the jury has not found all the facts which the law makes essential to the punishment." *Id.* at 304, 124 S.Ct. at 2537 (quotation omitted); *see also State v. Shattuck*, 704 N.W.2d 131, 142–43 (Minn.2005) (applying *Blakely* in Minnesota).

The Minnesota Supreme Court has expanded the prior-conviction exception set forth in *Apprendi* to include a defendant's custody status, such as probation status, concluding that "the fact a defendant is on probation at the time of the current offense arises from, and is so essentially analogous to, the fact of a prior conviction, that constitutional considerations do not require it to be determined by a jury." *State v. Allen*, 706 N.W.2d 40, 48 (Minn. 2005); *see also State v. Brooks*, 690 N.W.2d 160, 163–64 (Minn.App.2004) (holding that a custody-status point is analogous to a prior conviction), *review denied* (Minn. Dec. 13, 2005).

## I

Appellant argues that a risk level, unlike probation status, is not essential for determining the statutory-maximum sentence for purposes of an *Apprendi–Blakely* analysis. *See Allen*, 706 N.W.2d at 48 (holding that probation status is essential to determining the "statutory maximum" penalty for *Apprendi–Blakely* purposes). Therefore, appellant claims that the condi-

tional-release term extends his sentence beyond the statutory-maximum sentence allowed by law, in violation of *Apprendi* and *Blakely*. Appellant relies on *State v. Jones*, 659 N.W.2d 748 (Minn.2003), to support his argument. In *Jones*, the supreme court held that a conditional-release term imposed based on judicial findings that an offense was "patterned" violated the defendant's constitutional right to have a jury determine every fact that increases a crime's penalty beyond the statutory maximum. 659 N.W.2d at 752–53. But the supreme court went on to separately conclude that a statutorily mandated conditional-release term based on prior convictions *is* part of a defendant's statutory-maximum sentence. *Id.* Jones's conditional-release term was required by Minn.Stat. § 609.109, subd. 7 (2002), which at that time provided that persons convicted of certain sex offenses for the first time were subject to a five-year conditional-release term and persons with previous convictions of certain sex offenses were subject to a ten-year conditional-release term "notwithstanding the statutory maximum sentence otherwise applicable to the offense."[1] The supreme court held that this conditional-release term is a "mandatory aspect of [the] sentence" for "statutorily designated sex offenders," and therefore was part of the "maximum executed sentence" that could be imposed based on the jury's verdict. *Jones*, 659 N.W.2d at 753; *see also Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (holding that the statutory-maximum sentence is one imposed based solely on the jury's verdict or facts admitted by the defendant).

In this case, appellant's ten-year conditional-release term was imposed under Minn.Stat. § 243.166, subd. 5a (2006):

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court commits a person to the custody of the commissioner of corrections for violating [registration requirements] and, at the time of the violation, the person was assigned to risk level III under section 244.052, the court shall provide that after the person has completed the sentence imposed, the commissioner shall place the person on conditional release for ten years.

Consistent with the holding in *Jones*, the conditional-release term is part of appellant's statutory-maximum sentence because it is imposed "notwithstanding the maximum sentence otherwise applicable to the offense." *See Jones*, 659 N.W.2d at 753.

## II

■ Appellant maintains that *Jones* is not analogous because the conditional-release term there was imposed based on the defendant's past convictions, a recognized *Apprendi* exception, while appellant's conditional-release term was imposed based on his status as a risk-level-III offender. Appellant argues that his sentence therefore required judicial fact-finding beyond the jury's verdict. Appellant argues that the district court erred in concluding that an assigned risk level is similar to a prior conviction or probation status and therefore falls within the prior-conviction exception to *Apprendi*. Particularly, appellant

---

1. In 2005, the legislature repealed section 609.109 and amended the conditional-release provisions applicable to sex offenders. 2005 Minn. Laws ch. 136, art. 2, §§ 21, 23, at 929–33 (repealing Minn.Stat. § 609.109, subd. 7, and enacting Minn.Stat. § 609.3455, applicable to crimes committed on or after August 1, 2005). Section 609.3455, subdivisions 6–7 (2012), similarly impose conditional-release terms based on whether an offender has previous convictions of certain sex offenses, "[n]otwithstanding the statutory maximum sentence otherwise applicable to the offense."

argues that a risk level, unlike a probation status, does not flow directly from a conviction and is based on facts other than those used to secure the conviction. But a risk level would not exist without a conviction and, like probation, it is a direct consequence of the conviction. While a risk level is based on factors outside the conviction, the underlying rationales on which the supreme court has concluded that a defendant's custody status falls within the prior-conviction exception also apply to an offender's risk level. In *Allen*, the supreme court noted that the primary reason the *Apprendi* rule excludes prior convictions is that the convictions themselves are established by procedures that satisfy a defendant's constitutional right to a jury trial and proof beyond a reasonable doubt. 706 N.W.2d at 47. Risk–level–III offenders are also provided due process to challenge the designation and the process by which it is determined, including a full opportunity to contest the risk level at an administrative hearing and the right to judicial review. *See* Minn.Stat. §§ 14.63; 244.052, subd. 6.

Appellant also argues that a risk level should not fall under the prior-conviction exception because it cannot be determined by referencing certified conviction records, but rather by reviewing records of other state agencies. *See Allen,* 706 N.W.2d at 48 (explaining that the use of probation status in sentencing did not violate constitutional rights because the status could be determined solely by reviewing court records related to the conviction). But appellant does not claim that the records used by the judge to determine his risk level at the time of the registration violation are untrustworthy. There is no relevant distinction between the "court records" relied on to determine the defendant's probation status in *Allen* and the Department of Corrections records relied on here to determine appellant's risk level. *See* Minn.

Stat. § 244.052, subd. 3 (stating that the commissioner of corrections shall establish and administer end-of-confinement review committees). Like a prior conviction or probation status, an offender's risk level is a fact that is readily determined from reviewing state records. In that respect, a risk level differs from other sentencing factors that require the evaluation of evidence, which the Minnesota Supreme Court has concluded must be submitted to a jury. *See Shattuck,* 704 N.W.2d at 142 (concluding that judicial findings of aggravating factors—including whether a victim was particularly vulnerable, was treated with particular cruelty, or suffered great emotional harm—violated a defendant's constitutional rights when those factors were utilized to impose an upward departure under the Minnesota Sentencing Guidelines); *Allen,* 706 N.W.2d at 47 (concluding that a judicial finding that a defendant was unamenable to probation, which resulted in executing a presumptively stayed sentence, violated the defendant's Sixth Amendment rights); *State v. Barker,* 705 N.W.2d 768, 772–73 (Minn.2005) (concluding that a statute was unconstitutional to the extent it authorized a district court to make an upward dispositional departure upon finding that the defendant used a dangerous weapon or possessed a firearm, without the aid of a jury or admission by the defendant).

Finally, appellant did not dispute his status as a risk-level-III offender in the district court, nor does he dispute it now. *See Allen,* 706 N.W.2d at 48 (noting, in support of the conclusion that a defendant's Sixth Amendment rights were not violated, that the defendant did not challenge his probation status at district court). Accordingly, we conclude that appellant's constitutional rights were not violated by imposition of the conditional-release term because it is part of the

statutory-maximum sentence for risk-level-III offenders who violate registration requirements. In addition, an offender's risk level is analogous to the fact of a prior conviction or probation status, such that its existence at the time of a registration violation is not constitutionally required to be found by a jury.

## DECISION

A conditional-release term imposed under Minn.Stat. § 243.166, subd. 5a, is part of the statutory-maximum sentence for risk-level-III offenders convicted of violating registration requirements, and its im-position does not implicate the rules set forth in *Apprendi* and *Blakely*. In addition, because an offender's risk level is analogous to the fact of a prior conviction or probation status, it is not a fact that is constitutionally required to be found by a jury.

**Affirmed.**