**STATE of Minnesota, Petitioner, Appellant,**

v.

**Jela DeShaun JONES, Respondent.**

**No. CX–01–1431.**

Supreme Court of Minnesota.

April 17, 2003.

OPINION

GILBERT, Justice.

This case involves review of a court of appeals decision that the addition of a 10-

year conditional release term to respondent Jela DeShaun Jones's 15-year sentence for third-degree criminal sexual conduct violated the constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). A Le Sueur County jury found Jones guilty of two counts of criminal sexual conduct in the third degree. The district court sentenced Jones to a 15-year sentence using the patterned and predatory sex offender statute, Minn.Stat. § 609.108, subd. 1 (2002), and then imposed an additional 10-year conditional release term, under subdivision 6 of the same statute. Minn.Stat. § 609.108, subd. 6 (2002). Concluding that imposition of the conditional release term violated the rule set forth in *Apprendi*, the court of appeals reversed Jones's sentence and remanded with instructions to reduce the conditional release term. We reverse in part, affirm in part and remand.

Between February and July 2000, Jones had sexual relations with 15-year-old S.G. multiple times. In July 2000, Jones also sexually assaulted S.G.'s 17-year-old sister, A.G. While A.G. was sleeping, Jones entered her bedroom, laid down next to her, unbuttoned her pants and inserted his finger into her vagina. Subsequently, Jones was charged with two counts of third-degree criminal sexual conduct: (1) sexual penetration of a person between 13 and 16 years of age in violation of Minn.Stat. § 609.344, subd. 1(b) (2002) (Count I); and (2) sexual penetration of a person he knows to be helpless in violation of Minn. Stat. § 609.344, subd. 1(d) (Count II). A jury found Jones guilty of both counts.

At the sentencing hearing, the district court entered judgment of conviction on both counts. Addressing Count I, the court sentenced Jones in accordance with the sentencing guidelines to 28 months and

stayed the execution for 15 years. Turning to Count II, the court sentenced Jones to the statutory maximum prison sentence, 15 years for violating Minn.Stat. § 609.344, subd. 1(d) by utilizing the patterned and predatory sex offender statute, Minn.Stat. § 609.108, subd. 1. As the factual basis to support the enhancement of the sentence, the court found that Jones was a patterned sex offender based on the following findings: (1) Jones's conduct was motivated by sexual impulses and was part of a predatory sexual pattern; (2) Jones presented a "very clear" danger to society at large and specifically to females under the age of 16; and (3) Jones was not amenable to probation. In addition, pursuant to subdivision 6 of Minn.Stat. § 609.108, the court notified Jones that he was also subject to 10 years of conditional release to begin after the completion of his incarceration.

On appeal to the court of appeals, Jones argued, among other claims, that he was sentenced to more than the statutory maximum sentence in violation of the United States Constitution as interpreted in *Apprendi*. The court concluded that the conditional release term, added to the 15-year sentence, violated the constitution and reversed Jones's sentence. *State v. Jones*, 647 N.W.2d 540, 548 (Minn.App.2002). The court remanded for resentencing and instructed the district court to "reduce appellant's conditional release time to less than ten years so that the conditional release time plus the incarceration time do not exceed the statutory maximum of 15 years." *Id.* We granted the state's petition for review and must determine whether Minn.Stat. § 609.108, subd. 6, as applied to Jones, violates the rule of due process announced by the United States Supreme Court in *Apprendi*.

### I.

We review constitutional challenges to statutes de novo. *State v. Gross-*

*man,* 636 N.W.2d 545, 548 (Minn.2001). Minnesota statutes are presumed to be constitutional and the party challenging a statute on constitutional grounds "must demonstrate, beyond a reasonable doubt, that the statute violates a provision of the constitution." *Id.*

■ Jones asserts that his 10-year conditional release term imposed under Minn. Stat. § 609.108, subd. 6 violates *Apprendi.*[1] The facts of *Apprendi* are as follows. On December 22, 1994, Apprendi fired several .22-caliber bullets into the home of an African-American family in Vineland, New Jersey. *Apprendi,* 530 U.S. at 469, 120 S.Ct. 2348. After being indicted for the shooting, he entered into a plea agreement in which he pleaded guilty to second-degree possession of a firearm for an unlawful purpose. *Id.* at 469-70, 120 S.Ct. 2348. Under New Jersey law, the offense carried a maximum prison sentence of 10 years. *Id.* at 470, 120 S.Ct. 2348. As part of the plea agreement, the state reserved the right to increase the sentence under a separate hate crime statute that authorized the imposition of an "enhanced" sentence when the offense was committed with a biased purpose. *Id.* The district court found by a preponderance of the evidence that the crime was motivated by racial bias and sentenced Apprendi to a 12-year term of imprisonment using the separate hate crime statute. This sentence was 2 years more than the 10-year statutory maximum sentence for the possession of a firearm offense. *Id.* at 470-71, 120 S.Ct. 2348.

On appeal, the Supreme Court considered whether due process "requires that a factual determination authorizing an increase in the maximum prison sentence * * * be made by a jury on the basis of

proof beyond a reasonable doubt." *Id.* at 469, 120 S.Ct. 2348. The Court stated that the Due Process Clause of the Fourteenth Amendment and the Sixth Amendment right to a jury trial entitle a defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Id.* at 478, 120 S.Ct. 2348 (quoting *United States v. Gaudin,* 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)). Applying this principle, the Court articulated the following rule: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Thus, we must determine whether Jones's 10-year conditional release term was predicated on factual findings made by a judge by a preponderance of the evidence; and whether Jones's 10-year conditional release term was constitutionally significant in that it exceeded the maximum penalty prescribed by statute.

■ Jones asserts that the imposition of the 10-year conditional release term was based on post-jury verdict judicial findings made by a preponderance of the evidence standard. We agree. Jones's sentence was first enhanced to 15 years under the authority of the patterned and predatory sex offender statute. Minn.Stat. § 609.108, subd. 1. The statute directs the district court, upon conviction, to impose an enhanced sentence of not less than double the presumptive sentence and not more than the statutory maximum for violations of criminal sexual conduct when (1) the crime was motivated by the offender's

---

1. Jones does not contest his 15-year executed sentence imposed under Minn.Stat. § 609.108, subd. 1.

sexual impulses or was part of a predatory pattern of behavior; (2) the offender is a danger to public safety; and (3) the offender needs long-term treatment or supervision. *Id.* The findings required by subdivision 1 are made by a judge using a preponderance of the evidence standard. *See State v. Christie,* 506 N.W.2d 293, 299 (Minn.1993).

Having made the required findings, the district court then followed subdivision 6 of the same statute, and imposed an additional 10-year conditional release term. Subdivision 6 provides that "[a]t the time of sentencing under subdivision 1, the court shall provide that * * * the commissioner of corrections shall place the offender on conditional release for the remainder of the statutory maximum period, or for ten years, whichever is longer." Minn.Stat. § 609.108, subd. 6.

In *Grossman,* we concluded that Minn. Stat. § 609.108, subd. 1 requires the sentencing court to make a series of findings by a preponderance of the evidence and *Apprendi* is violated when those findings are used in subdivision 2 to increase a sentence beyond the statutory maximum, from 30 to 40 years. *Grossman,* 636 N.W.2d at 550-51. As in *Grossman,* the district court here made findings under subdivision 1. The effect of the court's findings under subdivision 1 was to increase the executed sentence to 15 years and to add the 10-year conditional release term. Accordingly, we hold that the imposition of Jones's 10-year conditional release term was predicated on factual findings, other than the fact of a prior conviction, made by a judge by a preponderance of the evidence.

Next, we consider whether Jones's 10-year conditional release term exposed him to constitutionally significant conditions beyond the maximum penalty prescribed by statute. Before we can determine whether Jones's sentence exceeded the maximum penalty prescribed by statute, we must determine the maximum penalty for Jones's offense. The court of appeals concluded that the maximum penalty is 15 years. In contrast, the state argues that Jones could have been sentenced to a 15-year executed sentence plus an additional 5-year conditional release term based on the jury verdict without judicial findings. We agree with the state.

Jones was convicted of and sentenced for third-degree criminal sexual conduct in violation of Minn.Stat. § 609.344. An individual convicted under Minn.Stat. § 609.344 "may be sentenced to imprisonment for not more than 15 years." Minn. Stat. § 609.344, subd. 2. Here, the 15-year maximum sentence was imposed under Minn.Stat. § 609.108, subd. 6. But, notwithstanding the maximum sentence otherwise applicable, offenders sentenced for a violation of Minn.Stat. § 609.344, who have no prior sex offenses, are also subject to a mandatory 5-year conditional release term under Minn.Stat. § 609.109, subd. 7 (2000). *See State v. Schwartz,* 628 N.W.2d 134, 139 (Minn.2001). Subdivision 7 provides "[n]otwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, * * * [i]f the person was convicted for a violation of section * * * 609.344 * * * the person shall be placed on conditional release for five years, minus the time the person served on supervised release." [2] The imposition of the 5-year conditional release term under Minn.Stat.

---

**2.** If an offender was convicted of a previous sex offense, the offender shall be placed on conditional release for 10 years. Minn.Stat.

§ 609.109, subd. 7. Jones had no prior sex offense convictions and therefore was subject only to the 5-year conditional release term.

§ 609.109, subd. 7 is "a mandatory aspect of the sentence to be imposed by the district court" for offenders convicted under Minn.Stat. § 609.344. *Schwartz,* 628 N.W.2d at 139. Accordingly, Minn.Stat. § 609.109, subd. 7 is relevant in determining the maximum conditional release term allowed under these circumstances, even though Jones was "otherwise" sentenced under Minn.Stat. § 609.108, subd. 6.

The imposition of the 5-year conditional release term under Minn.Stat. § 609.109, subd. 7 is permissible under *Apprendi.* This 5-year conditional release term is authorized on the basis of the jury verdict, and does not require any additional findings of fact to be made by the district court. For statutorily designated sex offenders it is a mandatory aspect of their sentence. Accordingly, as part of the legislatively mandated sentencing parameters, an offender sentenced under Minn. Stat. § 609.344 is also subject to a mandatory 5-year conditional release term, minus the time the offender serves on supervised release. Thus, we conclude that the jury verdict exposed Jones to a maximum executed sentence of 15 years plus an additional 5-year conditional release period.

Here, Jones was sentenced to a 15-year executed sentence and a 10-year conditional release term. The 10-year conditional release term imposed under Minn. Stat. § 609.108, subd. 6, exceeds by 5 years the statutory maximum conditional release term established by Minn.Stat. § 609.109, subd. 7. The state argues that even if Jones's 10-year conditional release term exceeds the maximum term prescribed by statute, his sentence still does not violate the rule articulated in *Apprendi.* Specifically, the state maintains that *Apprendi* applies only to imprisonment and not to supervision in a nonincarcerated setting, such as conditional release. We disagree.

In *Apprendi,* the Supreme Court looked not only to the absolute number of years in prison, but also to the stigma that was attached to the increased sentence. The Court reasoned that due process is concerned with "criminal culpability" and "[t]he degree of criminal culpability the legislature chooses to associate with particular, factually distinct conduct has significant implications both for a defendant's very liberty, and for the heightened stigma associated with an offense the legislature has selected as worthy of greater punishment." *Apprendi,* 530 U.S. at 495, 120 S.Ct. 2348. Applying its rule to Apprendi's sentence, the Court reasoned that "[b]oth in terms of absolute years behind bars, and because of the more severe stigma attached, the differential here is unquestionably of constitutional significance." *Id.*

Therefore, the relevant inquiry is whether conditional release is constitutionally significant. While on conditional release, the offender is placed under the supervision of the commissioner of corrections. "[C]onditions of release may include successful completion of treatment and aftercare in a program approved by the commissioner, * * * and any other conditions the commissioner considers appropriate." Minn.Stat. § 609.108, subd. 6; *see also* Minn.Stat. § 609.109, subd. 7(b). If the offender violates the terms of his conditional release, the commissioner may order the offender to serve the remainder of the conditional release term in prison. Minn.Stat. § 609.108, subd. 6; Minn.Stat. § 609.109, subd. 7(b). The legislature has directed that conditional release under Minn.Stat. § 609.108, subd. 6 and Minn. Stat. § 609.109, subd. 7 is governed by the provisions relating to supervised release, except as otherwise provided. Minn.Stat. § 609.108, subd. 6; Minn. Stat § 609.109, subd. 7(b). Moreover, condi-

tional release under Minn.Stat. § 609.109, subd. 7, is a mandatory aspect of an offender's sentence. *Schwartz*, 628 N.W.2d at 139. Accordingly, we conclude that conditional release is constitutionally significant for purposes of *Apprendi.*[3]

Therefore, we hold that the court of appeals did not err in determining that Jones's 10-year conditional release term imposed under Minn.Stat. § 609.108, subd. 6 violates the rule set forth in *Apprendi.* However, the court of appeals did err in determining that the conditional release term plus the incarceration time could not exceed 15 years. Accordingly, we remand to the district court to impose a 5-year conditional release term under Minn.Stat. § 609.109, subd. 7.

Reversed in part, affirmed in part, and remanded.

---

**3.** Some federal courts have applied *Apprendi* to both incarceration and supervised release. *U.S. v. Combs,* 267 F.3d 1167, 1180 (10th Cir.2001).