**Jason Michael STONE, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A03–987.

Court of Appeals of Minnesota.

March 9, 2004.

---

Jason Michael Stone, Minneapolis, pro se, appellant.

Mike Hatch, Attorney General, St. Paul; and Alan L. Mitchell, St. Louis County Attorney, Gordon P. Coldagelli, Assistant County Attorney, Virginia, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge, and RANDALL, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

In postconviction proceedings, on a pro se appeal from the denial of a motion to modify his 1997 sentence for fourth-degree criminal sexual conduct, appellant Jason Stone argues that his sentence should be reduced because his plea was not intelligent and that the conditional release period unlawfully extends his sentence past the ten-year statutory maximum sentence for his crime. We affirm.

## FACTS

On 28 July 1997, Jason Stone pleaded guilty and was sentenced for fourth-degree criminal sexual conduct under Minn.Stat. § 609.345, subd. 1(c) (1996). Before Stone entered his plea, his attorney acknowledged that Stone would be subject to a five-year "supervised release" period. After Stone entered his plea, but before the

district court accepted it, the pre-sentence investigator noted on the record that Stone was subject to a ten-year "supervised release" due to a prior criminal sexual conduct conviction. At that point, the parties had a discussion off the record. The district court then accepted Stone's plea and asked Stone if he wished to say anything. Stone made a brief comment unrelated to his plea and the court imposed his sentence:

> [T]he sentence of the Court is 40 months with the Commissioner of Corrections.... I also direct as required by state law, two additional things as part of the sentence that don't impact the sentence itself or good time. The first is the 10 years of supervised release upon your release regardless of when that is.... [1]

When the court asked Stone if he had any questions, he replied "No. No, I do not."

In April 2003, in postconviction proceedings, Stone sought a sentence modification, arguing that he was not properly informed of the ten-year conditional release period and that his sentence unlawfully exceeds the statutory maximum. This appeal followed.

## ISSUES

1. Was Stone's guilty plea unintelligent?

2. Did the postconviction court abuse its discretion by denying Stone's postconviction petition to modify his sentence?

1. Stone's attorney, the pre-sentence investigator, and the court all used the term "supervised release," although that term was changed to "conditional release" in 1993. *See* 1992 Minn. Laws ch. 571, art. 1 §§ 25, 29 (requiring district courts to impose mandatory "supervised-release" periods for all persons committing certain sex-related crimes);

## ANALYSIS

Appellate courts "review a postconviction court's findings to determine whether there is sufficient evidentiary support in the record." *Dukes v. State*, 621 N.W.2d 246, 251 (Minn.2001) (citation omitted). We defer to a district court's findings of fact and will not reverse the findings unless they are clearly erroneous. *Id.* A postconviction court's decisions will not be disturbed absent an abuse of discretion. *Id.*

### 1. Imposition of "Supervised" Release

At the time of Stone's sentencing, the conditional-release statute provided that:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court sentences a person to prison for a violation of section ... 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of section ... 609.345, the person shall be placed on conditional release for five years.... If the person was convicted for a violation of [609.345] a second or subsequent time ... the person shall be placed on conditional release for ten years.

Minn.Stat. § 609.346, subd. 5 (1996).[2]

At Stone's sentencing, the district court imposed a ten-year "supervised release"

1993 Minn. Laws ch. 326, art. 9, § 9 (changing "supervised release" to "conditional release").

2. The current conditional release statute is substantially similar to the 1996 statute, but it is recodified at Minn.Stat. § 609.109, subd. 7

period. Stone asserts that his plea was not intelligent because the district court did not properly refer to the ten-year period as "conditional release" and, as a result, he did not fully understand the consequence of his plea.

■■ A valid guilty plea must be accurate, voluntary, and intelligent. *Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998). For a plea to be intelligent, a defendant must be aware of relevant circumstances and direct consequences of the plea. *Id.* at 578.

The sentencing transcript shows that the "supervised release" the court imposed, which was discussed multiple times at Stone's sentencing, was the conditional release period. Stone's attorney did not object when the "supervised release" was imposed, and Stone did not question the court about it. Thus, we presume Stone was aware of the consequences of his plea and, therefore, his plea was intelligent. *See State ex rel Rankin v. Tahash*, 276 Minn. 97, 101, 149 N.W.2d 12, 15 (1967) (it is presumed that a defendant who pleads guilty with assistance of counsel has been advised of his rights and the consequences of his plea).

## 2. Mandatory Conditional Release Part of Maximum Sentence

Stone also argues that the conditional release period unlawfully extends his sentence past the ten-year statutory maximum sentence for fourth-degree criminal sexual conduct. *See* Minn.Stat. § 609.345, subd. 2 (1996) (maximum penalty for fourth-degree criminal sexual conduct is ten years).

■■ "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

(2002). *See* 1998 Minn. Laws. ch. 367, art. 6,

statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000). Because the imposition of conditional release under Minn. Stat. § 609.109, subd. 7, is a mandatory aspect of the sentence to be imposed by the district court for offenders convicted of criminal sexual conduct, the conditional release period is part of the maximum sentence that an offender may receive for his crime. *State v. Jones*, 659 N.W.2d 748, 752–53 (Minn.2003).

In *Jones*, the supreme court determined that the imposition of Jones's ten-year conditional release period under the patterned sex offender statute, Minn.Stat. § 609.108 (2002), was solely predicated on factual findings made by a judge using a preponderance of the evidence standard. *Id.* at 752. The court concluded that this release period, which extended Jones's sentence past the statutory maximum 15–year sentence for his crime of third-degree criminal sexual conduct, violated *Apprendi*. But the court then applied Minn.Stat. § 609.109, subd. 7 (2002), the mandatory conditional release statute, as a part of the statutory maximum penalty that Jones could receive for his crime; this resulted in a maximum sentence of 20 years. *See id.* at 753–54 (combining the statutory maximum penalty of 15 years for third-degree criminal sexual conduct with the mandatory five-year conditional release period required for first time sex-offenders). Accordingly, the court reduced Jones's sentence from 25 years to 20 years. *Id.* at 754.

This court applied *Jones* in *State v. Warren*, No. C1–02–646, 2003 WL 21152853 (Minn.App., May 20, 2003), *re-*

§ 6 (recodifying conditional release statute).

*view denied* (Minn. 5 Aug. 2003).[3] In *Warren,* the appellant was convicted of first-degree criminal sexual conduct, which provided for a maximum sentence of 30 years and a presumptive minimum sentence of 144 months. *See* Minn.Stat. § 609.342, subd. 2 (2002). The appellant was sentenced to double the presumptive minimum sentence and a ten-year period of conditional release under the patterned-sex-offender statute. *Id.* at *4; *see also* Minn.Stat. § 609.108 (2002). Appellant argued that the 288-month sentence, combined with the ten-year conditional release, exceeded the 30-year statutory maximum sentence he could receive for his crime. *Id.* at *4. Under *Jones,* this court determined that although the appellant's ten-year conditional release was originally imposed under section 609.108, the district court properly imposed a ten-year conditional release because the appellant was convicted of his second sex-related crime and he is subject to a ten-year conditional release period under Minn.Stat. § 609.109, subd. 7. *Id.* at *5.

In the instant case, Stone is subject to a ten-year conditional release period specifically because he has been twice convicted of criminal sexual conduct. *See* Minn.Stat. § 609.346, subd. 5 (1996). That part of the sentence does not rest on a judicial finding that Stone is a patterned sex offender, or on any other judicial finding. Stone's plea was intelligent, and the law was in place at all times material providing a ten-year maximum sentence plus a ten-year conditional release for Stone's crime, considering his criminal record. *See id.;* Minn. Stat. § 609.345, subd. 2 (1996). Under *Jones,* the ten-year conditional release period and the ten-year maximum sentence for fourth-degree criminal sexual conduct

establish a 20-year maximum penalty for Stone's crime. We agree with the postconviction court in concluding that Stone's conditional release period does not unlawfully extend his sentence past the statutory maximum sentence for his crime of fourth-degree criminal sexual conduct.

### DECISION

The postconviction court did not abuse its discretion in denying Stone's motion for a sentence modification because Stone's plea was intelligent and application of the conditional release period does not extend Stone's sentence past the statutory maximum penalty for his crime.

**Affirmed.**

---

3. We note that this unpublished case has no precedential value. *See* Minn.Stat.

§ 480A.08, subd. 3 (2002).