Charles Patrick MAIERS,
petitioner, Appellant,

v.

Tom ROY, Commissioner of
Corrections, Respondent.

No. A13–1956.

Court of Appeals of Minnesota.

June 2, 2014.

**526**

John E. Mack, Mack & Daby, P.A., New London, MN, for appellant.

Lori Swanson, Attorney General, Eric J. Beecher, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by SMITH, Presiding Judge; CONNOLLY, Judge; and RANDALL, Judge.*

## OPINION

CONNOLLY, Judge.

Appellant challenges the denial of his petition for a writ of habeas corpus, arguing that he is being illegally imprisoned for violating the terms of his conditional release because his term of conditional release did not begin until after he completed his term of supervised release. Because conditional release begins when an offender is released from prison and appellant was on conditional release when he violated his conditional-release terms, we affirm.

## FACTS

On June 19, 2007, appellant Charles Patrick Maiers was convicted of felony first-degree driving while impaired (DWI) in violation of Minn.Stat. §§ 169A.20, subd. 1(1), .24, subd. 1 (2006). On December 10, at appellant's sentencing hearing, the state asked the district court to "commit [appellant] to the Commissioner of Corrections for a top of the box, or for [72] months," and impose the mandatory five-year term of conditional release for felony DWI offenses. The district court sentenced appellant to 60 months in prison "as well as the statutorily required five years of supervised release following the term of incarceration." This is a middle-of-the-presumptive-box sentence under the Minnesota Sentencing Guidelines. Appellant's warrant-of-commitment form states that appellant is subject to "five years of supervised release following departure from custody."

Appellant served two-thirds of his 60–month sentence and was released from prison on November 17, 2010. Upon his release, he received a form that set forth the terms of his release, including conditions that he remain law abiding and abstain from using or possessing intoxicants. Appellant's two-year supervised-release term began on November 17, 2010 and expired on June 17, 2012. His five-year DWI conditional-release term began on November 17, 2010 and will expire on November 17, 2015.

In February 2011, appellant violated a condition of his release by using synthetic marijuana. On February 23, the Department of Corrections (the DOC) restructured his conditions of release so that he could remain in the community while receiving drug treatment. On December 16, appellant violated another condition of his release by committing another felony first-degree DWI offense. He pleaded guilty to this charge on August 20, 2012, and was

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

subsequently sentenced to 84 months in prison and five years of conditional release.

On November 14, 2012, the DOC Hearing and Release Unit (HRU) held a revocation hearing regarding appellant's violations of his conditions of release. Appellant admitted that he violated his conditions of release by possessing intoxicants and by failing to remain law abiding. The hearing officer revoked appellant's conditional release through the November 17, 2015 expiration date, noting that appellant's release had already been restructured and that appellant committed a DWI offense shortly after completing drug and alcohol treatment.

On March 14, 2013, appellant filed his petition for a writ of habeas corpus, alleging that he was on supervised release but not on conditional release when he violated his 2007 conditions of release, and therefore the period of his re-incarceration is limited to the remainder of his supervised-release term, which ended on June 17, 2012. The district court denied appellant's petition, concluding that his sentence included a term of conditional release under Minn.Stat. § 169A.276, subd. 1(d), and that appellant was on conditional release when he violated his release conditions. This appeal follows.

## ISSUES

Did the district court err by denying appellant's petition for a writ of habeas corpus?

A. Did the district court err by determining that appellant was sentenced to a mandatory term of conditional release under Minn.Stat. § 169A.273, subd. 1(d)?

B. Did the district court err by concluding that appellant is not being illegally incarcerated because his terms of conditional release and supervised release are concurrent and not consecutive?

C. Does appellant's sentence violate Due Process or Double Jeopardy?

## ANALYSIS

 A petition for habeas corpus permits a person to challenge the legality of restraints on liberty on constitutional or jurisdictional grounds. Minn.Stat. § 589.01 (2012); *Joelson v. O'Keefe,* 594 N.W.2d 905, 908 (Minn.App.1999), *review denied* (Minn. July 28, 1999). "The district court's findings in support of a denial of a petition for a writ of habeas corpus are entitled to great weight and will be upheld if reasonably supported by the evidence." *Aziz v. Fabian,* 791 N.W.2d 567, 569 (Minn.App.2010). Questions of law pertaining to a habeas petition are subject to de novo review. *Id.*

This case deals with the two statutes concerning an offender's release from prison. The first statute at issue, Minn. Stat. § 169A.276, subd. 1(d) sets forth the standards for conditional release. An offender convicted of first-degree DWI and sentenced to prison is subject to a mandatory five-year conditional-release term. Minn. Stat. § 169A.276, subd. 1(d). An offender's conditional release term begins when the offender is "released from prison." *Id.* This statute enables the commissioner of corrections to "impose any conditions of release that the commissioner deems appropriate." *Id.* If an offender fails to comply with his conditions of release, the commissioner may revoke his conditional release and order the offender to serve all or part of the remainder of the five-year term in prison. *Id.*

 The second statute at issue, Minn. Stat. § 244.05, subd. 1 (2006), sets forth the standards for supervised release. Supervised release applies to every offender

as part of his pronounced sentence. Minn. Stat. § 244.05 (2006). An offender's presumptive term of imprisonment is two-thirds of his pronounced sentence, with the remaining one-third to be served on supervised release. *Id.*, subd. 1b(a). An offender's supervised-release term begins when the offender is released from prison. *Id.* If an offender violates his supervised-release conditions, the sanction "is limited to serving the remaining time on the sentence imposed (a maximum of one-third of the sentence imposed)." *State ex. rel. Peterson v. Fabian*, 784 N.W.2d 843, 845 (Minn.App.2010).

### A. Appellant's sentence included a term of conditional release

Appellant first argues that he is being illegally imprisoned for violating the terms of his conditional release because the district court did not include a conditional-release term in his 2007 DWI sentence. We disagree.

At appellant's sentencing hearing, the state requested that appellant "be ordered to serve an additional five-year term of conditional release ... found in [s]ection II.E of the Minnesota Sentencing Guidelines."[2] After discussing appel-

lant's motion for a downward dispositional and durational departure, the state again requested "that the [c]ourt sentence [appellant] to [72] months with the Commissioner of Corrections, and that the [c]ourt also order the five-year supervised release period." The district court sentenced appellant as follows:

> Pursuant to the Minnesota Sentencing Guidelines, I am going to sentence you to a term of sixty months with the Department of Corrections. That is the middle of the box. I think that is appropriate because, as I say, I think what this really is is a typical [DWI], and I am going to sentence you specifically on Count I, the felony first[-]degree driving under the influence of alcohol.
>
> In addition, there will be a fine of $1000, as well as the statutorily required five years of *supervised* release following the term of incarceration.

(Emphasis added.) Nobody in the courtroom attempted to correct or clarify this apparent misstatement about the imposition of supervised release versus conditional release.[3]

▉ The state requested that appellant be sentenced in accordance with section

---

2. The 2006 version of section II.E of the Minnesota Sentencing Guidelines states,

 Several Minnesota statutes provide for mandatory conditional release terms that must be served by certain offenders once they are released from prison. When a court commits a person subject to one of these statutes to the custody of the Commissioner of Corrections, it shall provide that after the person has been released from prison, the Commissioner shall place the person on conditional release for the designated term.

 Minn.Stat. § 169A.276, subd. 1(d), provides a mandatory conditional-release term for first-degree felony DWI.

3. Appellant relies on an unpublished case, *State ex rel., Newcomb v. Roy*, No. A10–2075, 2011 WL 2437489 (Minn.App. June 20, 2011),

to argue that the district court sentenced him to five years of supervised release, and not conditional release, when it imposed "five years of supervised release." As a threshold matter, we note that unpublished opinions of the court of appeals are not precedential. *See* Minn.Stat. § 480A.08(3); *Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 575 n. 2 (Minn.2009). In any event, *Newcomb* is distinguishable: in that case, the district court had not imposed a conditional-release period; it was applied to the defendant's sentence by the commissioner, who later revoked the conditional release when the defendant violated a term of his expired supervised release. *Newcomb*, 2011 WL 2437489 at *2. Here, the district court imposed appellant's conditional-release term.

II.E of the Minnesota Sentencing Guidelines, which sets forth the mandatory five-year conditional-release term for felony first-degree DWI offenses. And although appellant argues that the district court only imposed a supervised-release term, a common sense reading of the district court's reference to the "statutorily required five years" indicates that it was discussing conditional release under Minn. Stat. § 169A.276, subd. 1(d), and not supervised release, which does not include a statutorily mandated five-year term. Moreover, the maximum amount of time that appellant could spend on supervised release for his 2007 DWI conviction would be one-third of his 60–month pronounced sentence, or 20 months. We therefore conclude that the district court sentenced appellant to the mandatory term of conditional release. Consequently, the district court did not err by determining that appellant was sentenced to a term of conditional release.

**B. Appellant's conditional-release term was concurrent to his supervised-release term**

■ Appellant also argues that "because [his] term of conditional release [for his 2007 DWI] did not commence until his period of supervised release ended, he could not be imprisoned for [the] violation of the terms of conditional release." We disagree. In interpreting a statute, we look to its plain language while considering the statute's structure and context. *In re Robledo,* 611 N.W.2d 67, 69 (Minn.App. 2000).

■ Under Minn.Stat. § 169A.276, subd. 1(d), an offender convicted of first-degree DWI is subject to a five-year conditional-release term, which begins when he is "released from prison." Under Minn. Stat. § 244.05, subd. 1b(a), supervised release begins when the offender is released from prison. We conclude that the plain language of both statutes unambiguously states that the terms of conditional and supervised release begin upon the offender's release from prison.

Appellant relies on *Peterson,* to support his argument that his terms of conditional release and supervised release are consecutive and not concurrent. In *Peterson,* we concluded that "a conditional-release term for failure-to-register [predatory] offenders under Minn.Stat. § 243.166, subd. 5a [(2008)], is consecutive to a supervised-release term." 784 N.W.2d at 846. We interpreted the plain language of Minn. Stat. § 243.166, subd. 5a, which stated "the court shall provide that after the person has completed the sentence imposed, the commissioner shall place the person on conditional release for ten years," and concluded:

A sentence consists of a minimum term of imprisonment equal to two-thirds of the executed sentence, and a maximum supervised-release term equal to one-third of that sentence. The "term of imprisonment" is defined as the two-thirds part of the executed sentence. The legislature could have provided that the conditional-release term would begin after completion of the "term of imprisonment," but it did not do so.... Because the "sentence" includes both the term of imprisonment and the term of supervised release, the conditional-release term under Minn.Stat. § 243.166, subd. 5a, does not commence until after both the term of imprisonment and the term of supervised release are completed.

*Id.* (citations omitted).

But appellant's reliance on *Peterson* is misplaced. The conditional-release statute at issue in *Peterson* specifically relates to failing to register as a predatory offender under Minn.Stat. § 243.166, subd. 5, which

is not at issue here. Unlike the conditional-release statute in *Peterson*, the DWI conditional-release statute states that an offender shall be placed on conditional release "after [he] has been released from prison." Minn.Stat. § 169A.276, subd. 1(d). Moreover, after Peterson was released, the legislature amended Minn.Stat. § 243.166, subd. 5a (2012), changing "the court shall provide that after the person has completed the sentence imposed, the commissioner shall place the person on conditional release for ten years" to "the court shall provide that after the person has been released from prison, the commissioner shall place the person on conditional release for ten years." Minn.Stat. § 243.166, subd. 5a (Supp.2013). *Peterson*, therefore, does not support appellant's argument; if the legislature intended for DWI conditional release to begin after an offender's supervised release, it could have stated that an offender's conditional release begins after the completion of the imposed sentence instead of upon his release from prison.

But appellant argues that his terms of conditional and supervised release cannot be concurrent because this interpretation would undermine the purpose of conditional release. He claims that the purpose of conditional release is "to keep the defendant on supervision longer than the period permitted under ordinary ... commitments to the Commissioner" and that conditional release would be concurrent to supervised release only "if [the legislature] intended to shorten the period of a [DWI] offender's supervision." But both conditional release and supervised release are mandated to begin at the same time, i.e., the offender's release from prison. *See* Minn.Stat. § 169A.276, subd. 1(d) (conditional release); Minn.Stat. § 244.05, subd. 1b(a) (supervised release). Thus, they are necessarily concurrent until one of them expires.

Appellant's argument that his terms of conditional and supervised release run consecutively also creates a practical problem. If appellant were to violate a condition of his release one day before his supervised-release term expired, under his theory, he could only be re-imprisoned for the one day remaining on his pronounced sentence, even though Minn.Stat. § 169A.276, subd. 1(d) provides that an offender can be re-imprisoned for up to five years for violating the terms of his conditional release. This interpretation would undermine the purpose of mandatory DWI conditional release—to keep the offender under DOC supervision for five years immediately after his release from prison. *See* Minn. Stat. § 169A.276, subd. 1(d).

Appellant was sentenced to a five-year term of conditional release for his 2007 felony first-degree DWI conviction. He violated the conditions of his release by possessing synthetic marijuana and failing to remain law abiding. Because appellant's conditional-release term ran concurrent to his supervised-release term, appellant was on conditional release when he violated the conditions of his release in 2011. Consequently, the DOC acted within its authority by revoking appellant's conditional release through the November 17, 2015 expiration date. We conclude that the district court did not err by denying appellant's petition for a writ of habeas corpus.

**C. Due process and double jeopardy**

Appellant next argues that the term of conditional release in Minn.Stat. § 169A.276, subd. 1(d), "may be unconstitutional, as ... the remaining portion of the conditional release term and the prison sentence already served exceeds the statutory maximum sentence of seven years." Appellant was convicted of and sentenced

to five years in prison after being convicted of felony first-degree DWI in violation of Minn.Stat. §§ 169A.20, subd. 1(1), .24, subd. 1. An offender convicted under Minn.Stat. § 169A.24, subd. 1, "may be sentenced to imprisonment for not more than seven years," and "[t]he person is subject to the mandatory penalties described in Minn.Stat. § 169A.276." Minn. Stat. § 169A.24, subd. 2 (2006). Moreover, "[n]otwithstanding the statutory maximum sentence provided in section 169A.24," offenders sentenced in violation of felony first-degree DWI are subject to a mandatory five-year conditional release term. Minn.Stat. § 169A.276, subd. 1(d). The five-year conditional-release term is a "mandatory aspect of the sentence to be imposed by the district court." *State v. Jones,* 659 N.W.2d 748, 753 (Minn.2003). Therefore, the maximum sentence for appellant's offense is seven years plus the term of conditional release. *Id.* We conclude that appellant's sentence does not violate due-process guarantees.

■ Appellant also argues that the district court erred in denying his petition for a writ of habeas corpus because the conditional-release term mandated for DWI offenses violates the Double Jeopardy Clause of the United States and Minnesota Constitutions. We disagree. "The Double Jeopardy Clauses of the United States Constitution and the Minnesota Constitution protect a criminal defendant from three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *State v. Hanson,* 543 N.W.2d 84, 86 (Minn.1996). Appellant argues that his conditional-release term constitutes a second punishment for a single DWI offense. When the punishment imposed is mandatory at the time of sentencing, there is no double-

jeopardy violation. *State v. Calmes,* 632 N.W.2d 641, 649 (Minn.2001). Moreover, an imposition of a conditional-release term does not violate the Double Jeopardy Clause. *State v. Humes,* 581 N.W.2d 317, 320 (Minn.1998).

In 2007, appellant was convicted of felony first-degree DWI. Section 169A.24 requires the district court to impose a mandatory term of conditional release set forth in Minn.Stat. § 169A.276 when a defendant is convicted of this offense. Because the conditional-release term was mandatory at the time of sentencing, we conclude that there was no double-jeopardy violation in this case. *See Calmes,* 632 N.W.2d at 649; *Humes,* 581 N.W.2d at 320.

## DECISION

Because the district court sentenced appellant to a term of conditional release and appellant's term of conditional release ran concurrent to his term of supervised release, the district court did not err by denying appellant's petition for a writ of habeas corpus.

**Affirmed.**