*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1643**

Frederick Francis Garrison, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 23, 2015
Affirmed
Halbrooks, Judge**

Faribault County District Court
File No. 22-CR-12-353

Frederick Francis Garrison, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Troy Timmerman, Faribault County Attorney, Blue Earth, Minnesota (for respondent)

        Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

        Appellant Frederick Garrison challenges the district court's denial of his motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, arguing that the imposition

of a five-year conditional-release term violates the seven-year statutory maximum prison sentence for first-degree driving while impaired (DWI).  We affirm.

## FACTS

In July 2012, Garrison pleaded guilty under the terms of a plea agreement to first-degree DWI (test refusal) in violation of Minn. Stat. §§ 169A.20, subd. 2, .24, subd. 2 (2010).  Garrison's written plea petition acknowledged that a mandatory period of conditional release will follow any executed prison sentence.  At sentencing, the district court informed Garrison that the presumptive sentence range for his offense is 46 to 64 months in prison and that "[i]n addition, upon release from prison . . . a conditional release term does apply and you will be subject to a conditional release term of five years less the time served on supervised release."

The district court imposed the bottom-of-the-box presumptive sentence of 46 months in prison plus the mandatory five-year conditional-release term.  In June 2014, Garrison filed a motion for sentence correction, arguing that the imposition of a five-year conditional-release term after a 46-month prison sentence violates the statutory maximum sentence of seven years in prison for first-degree DWI.  The district court denied Garrison's motion.  Garrison now appeals.

## D E C I S I O N

A person convicted of first-degree DWI "may be sentenced to imprisonment for not more than seven years," and "is subject to the mandatory penalties described in [Minn. Stat. §] 169A.276."  Minn. Stat. § 169A.24, subd. 2.  The mandatory-penalties statute provides that, "[n]otwithstanding the statutory maximum sentence provided in

2

section 169A.24," the person is subject to a mandatory five-year conditional-release term. Minn. Stat. § 169A.276, subd. 1(d) (2010). "The five-year conditional-release term is a 'mandatory aspect of the sentence to be imposed by the district court.'" *Maiers v. Roy*, 847 N.W.2d 524, 531 (Minn. App. 2014) (quoting *State v. Jones*, 659 N.W.2d 748, 753 (Minn. 2003)), *review denied* (Minn. Aug. 19, 2014). Therefore, the maximum sentence for first-degree DWI is seven years in prison plus a five-year term of conditional release. *Id.* The district court sentenced Garrison to 46 months in prison plus five years of conditional release. The district court therefore properly denied Garrison's motion to correct his sentence.

**Affirmed.**