*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0923**

State of Minnesota,
Respondent,

vs.

Christopher Robert Politano,
Appellant.

**Filed November 7, 2016
Reversed and remanded
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-09-47894

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, St. Paul, Minnesota (for appellant)

        Considered and decided by Bratvold, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**HOOTEN**, Judge

In this appeal of the denial of his motion to correct an unlawful sentence, appellant argues that the district court erred by treating his motion as an untimely petition for postconviction relief barred by the statute of limitations.  We reverse and remand.

## FACTS

On May 24, 2011, Appellant Christopher Robert Politano pleaded guilty to one count of failing to register as a predatory offender.  Although Politano admitted to the elements of the offense, he did not admit that he had been assigned a community notification risk level of III at the time of the offense.  After Politano admitted to committing the offense, the district court inquired whether a conditional-release term was required.

After a short recess for the attorneys to discuss their responses to the district court's inquiry, the prosecutor advised the district court that a ten-year conditional-release term was required.  The district court, over Politano's objection, imposed an additional ten-year conditional-release term, but offered Politano an opportunity to withdraw his guilty plea if he was unwilling to accept the conditional-release term.  Politano's attorney stated that if Politano wished to withdraw his plea, he would file a motion at a later date.  Politano never filed a motion to withdraw his plea.

On May 9, 2012, Politano filed a petition for postconviction relief, arguing that the conditional-release term rendered his plea unknowing and involuntary.  The district court

denied the petition, and this court affirmed. *Politano v. State*, No. A12-1862 (Minn. App. May 20, 2013).

On January 21, 2016, following the Minnesota Supreme Court's decision in *State v. Her*, 862 N.W.2d 692 (Minn. 2015), Politano filed a motion for sentence correction under Minn. R. Crim. P. 27.03, subd. 9. In his motion, he argued that the imposition of a ten-year conditional-release term under Minn. Stat. § 243.166, subd. 5a (2008) was dependent upon whether he was assigned a risk level III at the time of his offense and that, similar to the facts in *Her*, his sentence violated his Sixth Amendment right to have a jury decide this factual issue prior to sentencing.

The district court determined that Politano's motion was properly reviewed as a petition for postconviction relief. After determining that *Her* did not create a retroactive rule which would qualify as an exception to the two-year statute of limitations for filing petitions for postconviction relief, the district court denied Politano's petition as time-barred. In this appeal of that decision, Politano only challenges the legality of his conditional-release term, not the validity of his plea or conviction.

## D E C I S I O N

The U.S. Supreme Court has stated that the Sixth Amendment requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000)). The Minnesota Sentencing Guidelines establish the maximum sentence a district court may

impose without additional fact-finding by a jury or an admission by the defendant. *See State v. Shattuck*, 704 N.W.2d 131, 141 (Minn. 2005).

When a risk level III predatory offender is convicted of failure to register, a ten-year conditional-release term is required by statute. Minn. Stat. § 243.166, subd. 5a (2008). This risk assessment is performed by a committee under the authority of the commissioner of corrections, not the convicting court. Minn. Stat. § 244.052, subd. 3a (2008). The Minnesota Supreme Court recently determined that whether an individual was a risk level III predatory offender at the time of his conviction did not fall within the prior conviction exception to the *Blakely* doctrine. *Her*, 862 N.W.2d at 694. Therefore, a district court may impose a ten-year conditional-release term based on a defendant's status as a risk level III offender only if the status has been either admitted by the defendant or found by a jury beyond a reasonable doubt. *Id*. at 693.

## I.

As a threshold issue, Politano argues that his motion was properly filed as a rule 27.03 motion. The district court determined that Politano's motion was not a rule 27.03 motion, but instead a petition for postconviction relief. This argument requires us to interpret rule 27.03. Appellate courts "review the interpretation of procedural rules de novo." *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011).

This court addressed this issue in great detail in *Reynolds v. State*. 874 N.W.2d 257 (Minn. App. 2016), *review granted*, (Minn. Mar. 29, 2016). In *Reynolds*, the district court treated Reynolds' rule 27.03 motion as a petition for postconviction relief and concluded that his petition was time-barred because it was "filed after the deadline for petitions

4

seeking postconviction relief." *Id.* at 260. This court reversed, concluding that Reynolds' challenge could be filed under rule 27.03, and therefore "the two-year statutory time limit [did] not apply." *Id.* at 259–60. Our conclusion in *Reynolds* was predicated on a determination that Reynolds was challenging only the validity of a term of his sentence, not his underlying conviction or plea. *Id.* at 261.

There are no material differences between Reynolds' and Politano's challenges. Unlike Politano's 2012 petition for postconviction relief, his motion for sentence correction does not challenge the validity of his plea. Instead, like Reynolds, he only challenges the imposition of the ten-year conditional-release period. Therefore, Politano's motion was properly filed under rule 27.03, and the two-year statute of limitations does not apply.

## II.

The state argues that *Her* does not apply retroactively to collateral sentence review. The district court concluded that Politano's petition was a *Blakely* petition and that *Blakely* petitions are not retroactive to collateral sentence challenges. "[W]e review de novo a postconviction court's legal conclusions, such as whether a decision applies retroactively." *Odegard v. State*, 767 N.W.2d 472, 474 (Minn. App. 2009).

At the outset, we note that the supreme court in *Her* determined that imposing a ten-year conditional-release period without a jury finding or Her admitting that he was a risk level III predatory offender at the time of his offense, violated Her's Sixth Amendment rights. 862 N.W.2d at 696–97. Thus, if *Her* applies retroactively to Politano's sentence challenge, it directly affects the analysis under rule 27.03, subd. 9, which allows a district

5

court to "at any time correct a sentence not authorized by law." The district court concluded *Her* does not apply retroactively to Politano's challenge. We disagree.

In denying Politano's motion, the district court stated:

> This court also looks at whether *Her* established a retroactive rule. The Minnesota Supreme Court has held that *Blakely*, the case upon which *Her* stands, is not retroactive under the collateral review of postconviction relief. *State v. Houston*, 702 N.W.2d 268, 274 (Minn. 2005). Holding the state to the highest burden of proof for aggravating sentencing elements does not shift the bedrock of the constitutional guarantees in regards to criminal procedure. *Id*. at 273. This exception to the time limits of filing a motion for postconviction relief does not apply.
> [Politano]'s motion is properly treated as a motion for postconviction relief. As such, the two-year time limitation applies. *Her* does not establish retroactively applicable change in constitutional criminal procedure and no exception applies to this statute of limitations. [Politano] filed his motion beyond the time allowed and this court cannot consider it.

The district court appears to have used a three-step reasoning process in determining that *Her* does not apply to cases on collateral review. First, the district court relied on *State v. Houston* for the proposition that *Blakely* was not a watershed rule of constitutional procedure and therefore did not apply retroactively for purposes of collateral attacks on final sentences. *See Houston*, 702 N.W.2d at 273–74. Second, the district court stated that *Blakely* was the "case upon which *Her* stands." Finally, the district court concluded that because *Blakely* is not available for collateral attacks on final sentences, and *Her* stands on *Blakely*, *Her* is not available for collateral attacks on final sentences.

This reasoning appears to have a fatal flaw caused by the district court reading *Houston* too broadly. *Houston* addressed one narrow issue, "[w]hether *Blakely* applies

6

retroactively to convictions final *at the time Blakely was decided*." 702 N.W.2d at 270 (emphasis added). *Blakely* was decided in 2004. Politano pleaded guilty in 2011. Because *Blakely* was in effect at the time Politano made his plea, the retroactive effect of *Blakely*, as resolved in *Houston*, is not an issue in this case.

Therefore, for the district court's conclusion to be correct, *Her* must not be retroactive when considered alone and outside of its relationship to *Blakely*. Generally, a new constitutional rule is not available to defendants whose convictions are final at the time the rule is announced. *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075 (1989). However, rules that are "a predictable extension of a pre-existing doctrine" are "[o]ld rules of . . . constitutional criminal procedure [that] apply both on direct and collateral review." *Campos v. State*, 816 N.W.2d 480, 488 (Minn. 2012) (quotations omitted). For the rule to be applicable on collateral review, the extension of precedent must be so logical that "reasonable jurists hearing petitioner's claim at the time his conviction became final would have felt *compelled* by existing precedent to rule in his favor." *Houston*, 702 N.W.2d at 271 (quotations omitted).

The principle that a defendant must admit, or a jury must decide, all facts other than a prior conviction that are necessary to impose a conditional-release term is based on more than 15 years of collective U.S. Supreme Court and Minnesota Supreme Court precedent.[1]

---

[1] *See Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362–63 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt); *Blakely*, 542 U.S. at 303, 124 S. Ct. at 2537 ("[T]he statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.") (quotation omitted); *State v. Grossman*, 636

The issue in *Her* was narrow: "whether this type of fact, a committee's assignment of a risk level to an offender, is the Sixth–Amendment equivalent of a prior conviction." *Her*, 862 N.W.2d at 698. The Minnesota Supreme Court in *Her* applied *Blakely* to Her's rule 27.03 collateral attack on his plea, and vacated his conditional-release term, presenting its decision as an application of the collective case law following *Apprendi*. *Id*. at 697 ("Applying our approach from *Grossman*, . . . [and] consistent with *Blakely*, *Jones*, and *Grossman*, we conclude that the 10-year period of conditional-release imposed in this case exceeded the statutory maximum for Her's offense of failing to register as a predatory offender.").

As made clear by the supreme court's reliance on prior decisions, *Her* did not break new ground, but rather clarifies the boundaries of *Apprendi*'s prior conviction exception. Therefore, because *Her* is not a new rule of constitutional criminal procedure, the decision applies retroactively to Politano's collateral sentence challenge.

Having concluded that Politano's motion was properly filed under rule 27.03 and that *Her* applies retroactively to Politano's challenge to the ten-year conditional-release term, we reverse that portion of his sentence and remand to the district court for further proceedings consistent with this decision.

**Reversed and remanded.**

---

N.W.2d 545, 551 (Minn. 2001) (determining *Apprendi* required that type of findings needed to impose enhanced punishment under Minnesota's statute increased sentences for certain sex offenders be found by jury); *State v. Jones*, 659 N.W.2d 748, 753–54 (Minn. 2003) (determining that imposition of conditional-release term constituted sentence for purposes of *Apprendi* and *Blakely*).