*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2037**

State of Minnesota,
Respondent,

vs.

Jack Warren Nomeland,
Appellant.

**Filed February 13, 2017
Reversed and remanded
Reyes, Judge**

Pennington County District Court
File No. 57-CR-14-459

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Al Rogalla, Pennington County Attorney, Thief River Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and T. Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellant challenges the district court's imposition of a ten-year conditional-release term following his conviction for failure to register as a predatory offender. Because the

jury did not find, and appellant did not admit, that appellant was a risk-level-III offender at the time of the offense, we reverse and remand.

**FACTS**

On June 17, 2014, the state charged appellant Jack Nomeland with failure to register as a predatory offender in violation of Minn. Stat. § 243.166, subd. 5(a) (2014). At the jury trial, appellant stipulated that he is an individual required to register his address, motor vehicle, and place of employment, and that his obligation to register had not lapsed at the time of the offense. Appellant denied having violated the statute.

The district court received into evidence, as court exhibits, documents referencing appellant's status as a predatory offender with a risk level of III. However, the jury received these exhibits with the references to appellant's status as a predatory offender and risk level redacted. Further, appellant did not admit that he was assigned a risk level of III or waive his right to have the jury make that finding.

The jury found appellant guilty of failure to register but did not make a finding about appellant's risk level. The presentence investigation report (PSI) recommended a prison sentence of 16 months with a ten-year conditional-release term. Subsequently, the district court sentenced appellant to 14 months in prison and imposed a ten-year conditional-release term. This appeal follows.[1]

---

[1] The state filed a letter informing this court that it would not be submitting a responsive brief. Therefore, we will decide this appeal on the merits without the state's brief pursuant to Minn. R. Civ. App. P. 142.03.

**D E C I S I O N**

Appellant argues that his Sixth Amendment right to a trial by jury was violated when the district court imposed a ten-year conditional-release term without the jury finding, or appellant admitting, that at the time of the offense, he was a risk-level-III offender. We agree.

As a preliminary matter, appellant did not raise this issue before the district court. Generally, this court will not decide issues not raised before the district court. *State v. Busse*, 644 N.W.2d 79, 89 (Minn. 2002). However, we will address appellant's argument because Minn. R. Crim. P. 27.03, subd. 9, allows a court to "correct a sentence not authorized by law." *See State v. Maurstad*, 733 N.W.2d 141, 148 (Minn. 2007); *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014) (noting that rule 27.03 allows court to sua sponte correct sentence). "The imposition of a 10-year conditional-release term without a jury's finding or a defendant's admission that he was a risk-level-III offender at the time of the offense is a sentence that is not authorized by law." *Reynolds v. State*, ___ N.W.2d ___, ___, 2016 WL 7118915, at *2 (Minn. Dec. 7, 2016).

We review an alleged violation of constitutional rights de novo. *State v. Bobo*, 770 N.W.2d 129, 139 (Minn. 2009). In *Apprendi v. New Jersey*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000). In Minnesota, the presumptive sentence prescribed by the sentencing guidelines is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the

3

jury verdict or admitted by the defendant." *State v. Shattuck*, 704 N.W.2d 131, 141 (Minn. 2005) (quoting *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004)).

Minn. Stat. § 243.166, subd. 5a, provides:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court commits a person to the custody of the commissioner of corrections for violating subdivision 5 and, at the time of the violation, the person was assigned to risk level III under section 244.052, the court shall provide that after the person has been released from prison, the commissioner shall place the person on conditional release for ten years.

In *State v. Her*, the supreme court held that whether an individual is a risk-level-III offender at the time of the offense does not fall within the prior-conviction exception of *Apprendi*. 862 N.W.2d 692, 694 (Minn. 2015). The supreme court also concluded that the ten-year conditional-release period imposed exceeded the presumptive sentence prescribed by the sentencing guidelines because the jury did not determine whether Her was a risk-level-III offender at the time of his offense. *Id.* at 694, 697, 700. Thus, appellant must have admitted or the jury must have found that appellant was assigned to risk level III at the time of the offense in order for the district court to impose a ten-year conditional-release period.

Here, at sentencing, the state requested that the court "follow the recommendations outlined in the [PSI]." However, appellant neither admitted that he was a risk-level-III offender at the time of the charged offense nor did he waive his right to have the jury make that finding. Additionally, the jury did not make any finding with regard to appellant's risk level, and the jury received evidence with appellant's risk level redacted. Thus, the

4

imposition of the ten-year conditional-release term violated appellant's Sixth Amendment right to a trial by jury and must be vacated.

The remaining issue is whether a resentencing hearing, at which a jury would decide whether facts exist to impose the ten-year conditional-release term, should take place on remand. Appellant argues that remand for a resentencing hearing is prohibited and relies on *State v. Jones*, 659 N.W.2d 748 (Minn. 2003), and *Hankerson v. State*, 723 N.W.2d 232 (Minn. 2006), as support for his argument. We find *Hankerson* persuasive.

In *Hankerson*, the supreme court rejected Hankerson's argument that a resentencing hearing would violate the Double Jeopardy Clause because Hankerson failed to establish that a resentencing hearing would be a second prosecution when the district court found aggravating factors at the initial sentencing hearing. 723 N.W.2d at 239–40. In reaching its conclusion, the supreme court noted that double jeopardy might prevent retrial on the aggravating factors that would enhance a sentence beyond the statutory maximum on resentencing: (1) "if the state in the first trial had not sought an aggravated sentence"; (2) "if the district court had 'acquitted' [the defendant] of the aggravating factors"; or (3) "if the state had presented insufficient evidence to support the district court's adoption of the aggravating factors in the first trial." *Id.* at 238; *see also State v. Thompson*, 720 N.W.2d 820, 827, 831 n.4 (Minn. 2006) (using "enhancement" and "aggravating" to describe factors that serve as basis for sentencing departure).

As appellant argues, scenarios (1) and (3) exist here, and a resentencing hearing on remand would violate the prohibition on double jeopardy. The state did not seek an aggravated or enhanced sentence at trial. Further, the state presented insufficient evidence

5

on appellant's risk level to support imposition of the ten-year conditional-release term because the jury received evidence with this information redacted.  Therefore, we reverse and remand for the district court to vacate the ten-year conditional-release term.

**Reversed and remanded.**