STATE of Minnesota, Appellant,

v.

**Umer Mohammed MASOOD,**
**Respondent.**

No. A06–1689.

Court of Appeals of Minnesota.

Oct. 9, 2007.

Lori Swanson, Attorney General, St. Paul, MN; and Charles E. Maclean, Winona County Attorney, Thomas E. Gort, Assistant Winona County Attorney, Winona, MN, for appellant.

John M. Stuart, State Public Defender, Benjamin J. Butler, Assistant Public Defender, Minneapolis, MN, for respondent.

Considered and decided by
SHUMAKER, Presiding Judge;
TOUSSAINT, Chief Judge; and
STONEBURNER, Judge.

## OPINION

SHUMAKER, Judge.

The respondent was convicted of witness tampering and assault. The district court sentenced only on the witness-tampering offense and departed upward durationally from the maximum presumptive sentence.

After *Blakely v. Washington* was decided, the respondent moved, under rule 27.03, subd. 9, to correct his sentence, seeking the imposition of the presumptive maximum sentence. The state opposed the correction and, in the alternative, asked the court to convene a jury to decide departure factors. The court granted respondent's motion and imposed the presumptive maximum sentence without holding an evidentiary hearing. The state claims that the court erred.

Because an evidentiary hearing was not required and because the rule in *State v. Osborne* made a departure legally questionable, the court did not abuse its discretion, and we affirm.

## FACTS

On November 8, 2002, a jury found respondent Umer Mohammed Masood guilty of aggravated witness tampering and assault. The district court sentenced Masood only on the witness-tampering conviction, imposing an executed sentence of 144 months. This was a departure from the presumptive maximum sentence of 115 months. The court identified the aggravating factors on which its sentencing departure was based as being the particular cruelty with which Masood committed the crime, the physical and emotional harm to the victim, and the atypical egregiousness of this crime.

Challenging the sufficiency of the evidence to support his convictions, Masood appealed. This court affirmed the convictions. *State v. Masood*, No. A03–81 (Minn.

App. Feb. 28, 2004), *review denied* (Minn. Apr. 28, 2004).

On June 24, 2004, the United States Supreme Court filed its opinion in *Blakely v. Washington*, holding that a sentencing court cannot exceed the prescribed statutory maximum sentence without affording to the defendant an opportunity to have a jury decide, beyond a reasonable doubt, the facts on which the excess sentence is based. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Blakely* interpreted the prescribed statutory maximum sentence to mean the presumptive sentence. *Id.*

Masood then moved, under Minn. R.Crim. P. 27.03, subd. 9, to correct his sentence by reducing it to the presumptive maximum sentence, arguing that the judicial departure violated *Blakely*. The state opposed the motion, contending that the trial jury had found sufficient facts to justify the departure, and requested the court to convene a jury to determine the departure factors if the court would not let the sentence stand.

There were substantial delays before the court ruled on Masood's motion. These were caused by the desire of the court to wait for clarification by the Minnesota Supreme Court, the retirement of the original sentencing judge, and the transfer of the case to a new judge. During the pendency of the motion, both parties submitted various memoranda on the issues raised in the motion and on the *Blakely* rule. Ultimately, the court granted Masood's motion for sentence reduction without convening a jury on the departure issue and sentenced Masood to 115 months.

On appeal, the state contends that the district court erred by failing to hold a hearing on Masood's motion, by failing to make sufficient findings to facilitate appellate review, and by failing to convene a jury to decide the departure factors.

## ISSUES

The district court departed from the sentencing guidelines in violation of *Blakely v. Washington*. The respondent moved, under Minn. R.Crim. P. 27.03, subd. 9, to correct the sentence and for the imposition of the maximum presumptive sentence. The state appealed the correction, citing departure grounds, and asked the court to convene a jury to decide departure factors. Without an evidentiary hearing, the court granted respondent's motion, relying on the rule in *State v. Osborne*, which arguably precludes a departure under the circumstances of this case.

1. Did the court abuse its discretion by declining to hold an evidentiary hearing on the correction motion?

2. Did the court abuse its discretion by declining to convene a jury to determine departure factors?

## ANALYSIS

■ This court reviews sentencing departures for an abuse of discretion. *State v. Geller*, 665 N.W.2d 514, 516 (Minn.2003).

*Hearing and Findings*

■ Relying on Minn.Stat. § 590.04 (2000), a part of the law on postconviction remedy, the state argues that the district court was required to hold a hearing on Masood's motion and to make findings of fact. *See* Minn.Stat. § 590.04, subd. 1 ("[T]he court shall promptly set an early hearing on the petition and response thereto and ... make findings of fact...."). The state's reliance on that statute is misplaced.

Masood did not petition for postconviction relief under section 590.04 but rather moved to correct his sentence under Minn.

R.Crim. P. 27.03, subd. 9, which provides that the court "may at any time correct a sentence not authorized by law." That rule does not expressly require a hearing, nor does it require findings of fact. Although the district court may treat a rule 27 motion as the functional equivalent of a petition for postconviction relief, it is not required to do so. *See State v. Scott*, 529 N.W.2d 11, 12 (Minn.App.1995) (noting that an order denying a sentencing motion may be construed as a postconviction remedy order), *review denied* (Minn. Mar. 14, 1995).

When the state argues that the court should have held a hearing on Masood's motion, presumably the state means an "evidentiary" hearing as contemplated by section 590.04. Not only is an "evidentiary" hearing not required by rule 27.03, subd. 9, but, also, at least in this case, such a hearing would not have been an efficient use of judicial resources, nor would it have resolved the departure question. The hearing that the state had in mind would necessarily focus on the facts the state would offer to support a sentencing departure. Those are the same facts that ultimately would be presented to a jury, if one were convened. It would serve no useful purpose to require the presentation of the same facts twice. Thus, at the preliminary stage of the correction motion having been made and opposition having been stated, the only "hearing" ordinarily useful would focus on the legal issues raised by the motion. The state would merely identify the facts to be presented to a jury, and the court could, from those identified facts, determine whether they are sufficient to convene a jury for an evidentiary hearing.

The state's contention that the court erred by failing to hold a hearing on Masood's motion overlooks two additional facts. First, neither party requested a hearing. This is true even though the newly assigned judge wrote to both parties nearly four months before he ruled on the motion, asking, "Does either of you wish to submit any additional argument before the court rules on the matter?" Second, even though the court did not hear oral arguments for and against the relief Masood requested, both parties took advantage of being heard through extensive memoranda, submitted at various times, thoroughly addressing all issues pertinent to the motion. This includes the state's initial response to the motion in which the state sets forth in detail, and with references to the trial transcript, the departure factors on which it relied in urging the court to deny the motion or, in the alternative, to convene a jury to decide the aggravating circumstances.

Because there was no evidentiary hearing at this stage, the court made no factual findings. But the court did disclose the basis of its ruling by indicating that it imposed the presumptive maximum sentence in "light of *Blakely* ... and *State v. Osborne*...." Although the court provided no analysis of those authorities, the disclosure was sufficient to allow meaningful appellate review, as we discuss below.

The district court did not abuse its discretion in not holding a hearing on Masood's sentence-correction motion and in not making findings of fact.

*The Hankerson Case*

■ The state argues that the district court erred in declining to convene a jury to decide the departure factors. The state relies on *Hankerson v. State* for three propositions: (1) the district court has the authority to impanel a jury on a departure issue; (2) the use of such a jury does not violate the double-jeopardy prohibition; and (3) the use of such a jury does not contravene the rule against ex post facto laws. *Hankerson v. State*, 723 N.W.2d 232 (Minn.2006).

But the fact that the court has the authority to impanel a jury when there has been a *Blakely* sentencing violation is not tantamount to a mandate to do so.[1] Neither *Hankerson* nor any other caselaw authority of which we are aware requires the court to impanel a jury to determine departure factors. On the contrary, *Hankerson* reiterates the discretionary nature of departures: "A sentence outside the applicable range on the grid is a departure from the sentencing guidelines and is not controlled by the guidelines, but rather is an exercise of judicial discretion constrained by case law and appellate review." *Hankerson*, 723 N.W.2d at 235 (quoting Minn. Sent. Guidelines II.D. (2005)).

Because the convening of a jury to decide departure factors is not mandated, at least for this case, we review the court's decision not to convene such a jury for an abuse of discretion.

*Exercise of Discretion*

■ Citing the rules in *Blakely* and *State v. Osborne*, 715 N.W.2d 436 (Minn. 2006), the district court declined the state's request to impanel a jury to consider and decide departure evidence. Was this an abuse of the court's discretion?

"Judicial discretion" has been defined as "... a legal discretion to be exercised in discerning the course prescribed by law and is not to give effect to the will of the judge, but to that of the law." It is the "... exercise of discretion where there are two alternative provisions of law applicable, under either of which [the] court could proceed." *Black's Law Dictionary* 419 (5th ed.1979). Thus, if two or more outcomes of an issue are legally permissible, the court has a choice to select any over the others.

Masood was convicted of both witness tampering and assault, but the court sentenced him only on the witness-tampering conviction. However, the court relied on the assault facts—the particularly cruel manner of committing that crime and the harm to the victim—to justify the departure. In *Osborne*, the supreme court noted prior caselaw prohibiting the use of the underlying facts of multiple offenses to justify a departure on one of the offenses:

> We have also held that conduct underlying one conviction for which a defendant was sentenced cannot be used to support an upward sentencing departure for a separate conviction. *State v. McIntosh*, 641 N.W.2d 3, 9 (Minn.2002) citing *State v. Spaeth*, 552 N.W.2d 187, 196 (Minn. 1996). The rationale ... is that a defendant should not be punished twice for the same conduct.

*State v. Osborne*, 715 N.W.2d at 446.

It is evident that the sentencing court sought to avoid the *McIntosh* proscription by not imposing a sentence for the assault. But the same conduct underlies both the witness tampering for which sentence was imposed and the assault for which no sentence was imposed. *Osborne* does not precisely address this sentencing approach. But arguably the rationale of the *McIntosh* prohibition, and the prohibitions of the other similar cases cited by the *Osborne* court, would apply here to preclude a departure based on the assault conduct. That was a plausibly and ostensibly legally correct view for the re-sentencing court to adopt, even though a contrary position might have been taken, and even though there existed aggravating circumstances that could justify a departure.

---

1.  Ostensibly, such a mandate exists in Minn. Stat. § 244.10, subd. 5(a) (Supp.2005), but the state does not invoke that statute here.

Because it appears that there are at least two permissible outcomes respecting the propriety of convening a jury to decide departure factors, the court did not abuse its discretion in choosing one of these permissible outcomes over the other.

The original sentencing court also cited as a departure factor the atypicality of the witness-tampering crime. We find nothing in the record, other than the state's assertion and the court's surmise, to support that conclusion. Without some factual support, mere argument will not suffice to establish a departure factor. Thus, the resentencing court did not abuse its discretion in impliedly rejecting this third reason for an aggravated departure from the maximum presumptive sentence.

## DECISION

The court was not required to hold an evidentiary hearing on respondent's sentence-correction motion under rule 27.03, and the court did not abuse its discretion by declining to convene a jury to decide departure factors when a departure was legally barred.

**Affirmed.**