*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1137**

State of Minnesota,
Respondent,

vs.

Lamont Bugg, Jr.,
Appellant

**Filed February 22, 2016
Reversed and remanded
Worke, Judge**

Hennepin County District Court
File No. 27-CR-14-6595

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy R. Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Nearly a year after appellant was sentenced for failure to register as a predatory offender, the district court sua sponte amended his sentence to add a ten-year conditional-

release term under Minn. Stat. § 243.166, subd. 5a (Supp. 2013). The conditional-release term was added based on the district court's implicit finding that appellant was a risk-level-III offender at the time of his failure to register. Appellant argues that the addition of the conditional-release term violates his Sixth Amendment rights, and we reverse and remand.

## D E C I S I O N

An alleged violation of constitutional rights presents a question of law, which we review de novo. *State v. Bobo*, 770 N.W.2d 129, 139 (Minn. 2009).

On May 13, 2014, appellant Lamont Bugg, Jr., pleaded guilty and was sentenced to 18 months in prison for failing to register as a predatory offender, in violation of Minn. Stat. § 243.166, subd. 5(a) (2012). On April 14, 2015, a management analyst at Minnesota Correctional Facility-Faribault sent the district court a letter stating that pursuant to statute, if an offender fails to register, and at the time of the violation is assigned to risk level III, the commissioner of corrections shall place the offender on conditional-release for ten years. *See* Minn. Stat. § 243.166, subd. 5a. The letter pointed out that Bugg's warrant of commitment was silent regarding a conditional-release term and asked that an amended sentencing order be issued. On April 30, 2015, the district court issued an amended sentencing order requiring that "[a]fter [d]efendant has completed the sentence imposed, the commissioner shall place the person on conditional release for 10 years."

Bugg argues that the district court's imposition of a ten-year conditional-release term under Minn. Stat. § 234.166, subd. 5a, without any jury finding or admission that at the time of the offense he was a risk-level-III offender violates his Sixth Amendment rights. We agree.

2

The Sixth Amendment to the United States Constitution requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely v. Washington*, 542 U.S. 296, 301, 124 S.Ct. 2531, 2536 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63 (2000)). The presumptive sentencing range in the Minnesota Sentencing Guidelines determines the maximum sentence a district court may impose without additional fact-finding by a jury or an admission by the defendant. *State v. Shattuck*, 704 N.W.2d 131, 141–42 (Minn. 2005).

Minn. Stat. § 243.166, subd. 5a, provides:

> Notwithstanding the statutory maximum sentence . . . when a court commits a person to the custody of the commissioner of corrections for violating subdivision 5 and, at the time of the violation, the person was assigned to risk level III under section 244.052, the court shall provide that after the person has been released from prison, the commissioner shall place the person on conditional release for ten years.

The Minnesota Supreme Court recently held in *State v. Her* that the ten-year conditional-release term in Minn. Stat. § 243.166, subd. 5a, may not be imposed without an admission by the defendant or a finding by a jury based on proof beyond a reasonable doubt that at the time the defendant violated Minn. Stat. § 243.166, subd. 5(a), he was designated a risk-level-III offender. 862 N.W.2d 692, 693 (Minn. 2015). The supreme court reversed this court's ruling that the prior-conviction exception applies to a determination of an offender's risk level. *Id.* at 700.

Bugg did not admit that he was a risk-level-III offender at the time of the violation, and a jury did not make this determination. Accordingly, as the state concedes, imposition

3

of the ten-year conditional-release term violated Bugg's Sixth Amendment rights. *See Her*, 862 N.W.2d at 693. We therefore reverse the amended sentencing order adding the conditional-release term.

The only remaining question is the remedy. In *Her*, the supreme court declined to determine the proper remedy for the constitutional violation. 862 N.W.2d at 700 n.4. The court stated that "[b]ecause neither party has addressed, nor did we grant review on, the appropriate remedy for the constitutional violation in this case, we express no opinion on the subject and leave it to the district court on remand to determine the remedy." Bugg argues that we should prohibit the district court from impaneling a sentencing jury on remand because re-imposition of the conditional-release term after a jury finding would violate double jeopardy. He also argues that imposition of the conditional-release term would violate his plea agreement. The state argues that we should follow *Her* and allow the district court to determine whether it is appropriate to impanel a sentencing jury.

Bugg brought his challenge to the amended sentencing order directly to this court; therefore, the district court has not had an opportunity to address any of Bugg's arguments. This court generally will not decide issues, including constitutional issues, not raised before the district court. *State v. Busse*, 644 N.W.2d 79, 89 (Minn. 2002). But this court may decide issues not raised before the district court if "the interests of justice require their consideration and addressing them would not work an unfair surprise on a party." *Id.* (quotation omitted). Although it is appropriate to reverse the amended sentencing order, we do not believe that the interests of justice require us to consider Bugg's remedy claims at this time. There are issues related to the appropriate remedy that are not fully developed

4

in the briefing and would be better addressed initially by the district court. We further note that the decision to convene a sentencing jury generally rests within the discretion of the district court. *State v. Masood*, 739 N.W.2d 736, 740 (Minn. App. 2007). If, on remand, the district court chooses to convene a sentencing jury and the conditional-release term is re-imposed, Bugg may appeal the district court's decision at that time. We therefore permit the parties to re-argue this issue before the district court and leave it to the district court to determine the appropriate remedy.

**Reversed and remanded.**