*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1823**

State of Minnesota,
Appellant,

vs.

Brian William Meger,
Respondent.

**Filed July 25, 2016
Affirmed
Kirk, Judge**

Scott County District Court
File No. 70-CR-05-27344

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Kathryn J. Lockwood, Assistant Public Defenders, St. Paul, Minnesota (for respondent)

        Considered and decided by Larkin, Presiding Judge; Kirk, Judge; and Toussaint, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KIRK**, Judge

Appellant State of Minnesota argues that the district court erred in: (1) applying *State v. Her* retroactively to respondent Brian William Meger's sentence; (2) construing Meger's request as a motion to correct an unauthorized sentence and not as a petition for postconviction relief; and (3) not allowing Meger to withdraw his guilty plea. Because the district court properly applied *Her* and modified Meger's sentence to the maximum contemplated in the plea agreement, we affirm.

## FACTS

Nine years after Meger was sentenced for failing to register as a predatory offender, the postconviction court vacated a ten-year conditional-release term under Minn. Stat. § 243.166, subd. 5a (2013), which was imposed after Meger was convicted for violating a predatory-offender-registration requirement. The postconviction court modified Meger's sentence to the maximum sentence allowed at the time he entered his guilty plea, which was 27 months.

Meger was required to register as a predatory offender because of his 1995 conviction for attempted first-degree criminal sexual conduct. Minn. Stat. § 243.166, subds. 1b(a)(1)(iii), 3(b) (2005). In 2005, the state charged Meger with failing to register as a sex offender when he failed to inform law enforcement of his new address after moving. At the September 7, 2006 plea hearing, Meger accepted a plea deal where, in exchange for pleading guilty to the offense, he would receive a downward-departure sentence of 20 months.

In January 2007, the district court added the ten-year conditional-release term after receiving a letter from the Minnesota Department of Corrections inquiring whether it intended to impose the term to Meger's sentence under Minn. Stat. § 243.166, subd. 5a (2006). Meger served his 20-month sentence and remained in prison for approximately six additional years serving conditional release because the state could not find appropriate housing for him.

In June 2014, Meger moved to correct an unauthorized sentence under Minn. R. Crim. P. 27.03, subd. 9, arguing that the conditional-release term should be vacated because a jury had not found that he was a risk-level III offender at the time he failed to register. On January 22, 2015, the postconviction court held a hearing on Meger's motion, but later denied it under this court's opinion in *State v. Her*, which held that a defender's risk-level at the time of a registration violation is not constitutionally required to be found by a jury. 843 N.W.2d 590, 596 (Minn. App. 2014), *rev'd*, 862 N.W.2d 692 (Minn. 2015).

Two weeks after the postconviction court denied Meger's motion, the Minnesota Supreme Court reversed this court's ruling in *Her*, holding that an offender's risk-level status implicated the offender's Sixth Amendment jury-trial right. 862 N.W.2d 692 (Minn. 2015). Meger immediately moved for reconsideration under the supreme court's ruling in *Her*, and the postconviction court granted his motion and held a hearing.

The postconviction court issued an order vacating Meger's ten-year conditional-release term, concluding that it was unauthorized under *Her* because Meger's risk-level status was solely based on "unestablished, extra-judicial facts" contained in a letter from the Minnesota Department of Corrections after he had been sentenced. It elected not to

3

impanel a sentencing jury given the "far from ideal" procedural practices in Meger's case, the substantial time already served by Meger as he waited out his conditional-release term in prison, and the possibility of double jeopardy attaching. Citing *State v. Jones*, the postconviction court vacated Meger's sentence and modified it to 20 months, the maximum sentence contemplated at the time of the plea agreement. 659 N.W.2d 748 (Minn. 2003). As Meger had already served the maximum, bargained-for sentence, the postconviction court ordered his immediate release from custody.

The state appeals.

**DECISION**

**I.    The postconviction court did not err in retroactively applying *State v. Her* to this case.**

We review a district court's decision on a motion to correct a sentence not authorized by law under Minn. R. Crim. P. 27.03, subd. 9, for an abuse of discretion. *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011), *review denied* (Minn. Apr. 27, 2011). We review the district court's legal conclusions de novo and its factual findings for clear error. *Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013) (citation omitted). The determination whether a decision applies retroactively or nonretroactively is a legal question that we review de novo. *Odegard v. State*, 767 N.W.2d 472, 474 (Minn. 2009) ("[W]e review de novo a postconviction court's legal conclusions, such as whether a decision applies retroactively.").

Relying on the U.S. Supreme Court ruling in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989), the state asserts that *Her* announced a new watershed rule and that it

should not be applied retroactively to cases on collateral review such as Meger's because his availability of appeal was exhausted in 2007 when his conviction became final, eight years before *Her* was released.

Generally, a defendant may not avail himself of a new constitutional rule if his conviction is already final at the time the rule is announced. *Teague*, 489 U.S. at 310, 109 S. Ct. at 1075. "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 301, 109 S. Ct. at 1070. But "[w]hen a decision merely interprets and clarifies an existing rule and does not announce an altogether new rule of law, the court's interpretation is merely a restatement of existing law." *Danforth v. State*, 761 N.W.2d 493, 501 (Minn. 2009) (quotation omitted). "Old rules of federal constitutional criminal procedure apply both on direct and collateral review." *Campos v. State*, 816 N.W.2d 480, 488 (Minn. 2012) (quotation omitted). And the supreme court's rulings are generally given retroactive effect. *State v. Baird*, 654 N.W.2d 105, 110 (Minn. 2002).

Here, we conclude that *Her* is not a new rule of law and applies to Meger's case. Prior to 2006, the year that Meger's conviction became final, the U.S. Supreme Court and the Minnesota Supreme Court had collectively developed the Sixth Amendment principle requiring a jury, not a judge, to find the necessary facts to impose a conditional-release term exceeding the statutory maximum sentence for an offense.

For example, in 2000, the U.S. Supreme Court held in *Apprendi v. New Jersey* that a criminal defendant was entitled to a jury determination of every element that increases the penalty for a crime beyond a reasonable doubt. 530 U.S. 466, 490, 120 S. Ct. 2348,

5

2362-63 (2000). The following year, the Minnesota Supreme Court held in *State v. Grossman* that judicial findings that enhanced a statutory maximum 30-year sentence for first-degree criminal sexual conduct to 40 years under the patterned sex offender statute violated *Apprendi*. 636 N.W.2d 545, 551 (Minn. 2001). In 2003, the Minnesota Supreme Court followed *Apprendi* in *Jones*, holding that a defendant has a Sixth Amendment jury-trial right on findings needed to impose a conditional-release term that exceeds the prescribed statutory maximum sentence for an offense. 659 N.W.2d at 751. In 2004, the U.S. Supreme Court held in *Blakely v. Washington* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004) (quoting *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63).

*Her* is merely an application of the Sixth Amendment jury-trial right that governed the Minnesota Supreme Court's previous decisions in *Jones* and *Grossman* and U.S. Supreme Court precedent. *Her* involved an almost identical set of facts to the instant case. The defendant in *Her* challenged his sentence under rule 27.03, subd. 9, asserting that the district court violated his Sixth Amendment jury-trial right by imposing a conditional-release term on judicial findings concerning his risk-level-III status. 862 N.W.2d at 694. In reversing, the supreme court drew from precedent, stating, "consistent with *Blakely*, *Jones*, and *Grossman*, we conclude that the [ten]-year period of conditional release imposed in this case exceeded the statutory maximum for Her's offense of failing to register as a predatory offender." *Id.* at 697. *Her* applies to Meger's case.

6

**II.** **The postconviction court did not err in construing Meger's motion as timely under Minn. R. Crim. P. 27.03, subd. 9.**

An offender may challenge a sentence by filing a petition for postconviction relief under Minn. Stat. § 590.01, subd. 1(1), or by filing a motion to correct the sentence under Minn. R. Crim. P. 27.03, subd. 9. *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014). A motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, may be treated as a postconviction petition. *See Bonga v. State*, 765 N.W.2d 639, 642-43 (Minn. 2009). The "remedy in rule 27.03, subdivision 9, . . . coexist[s] with the postconviction remedy." *Vazquez v. State*, 822 N.W.2d 313, 317 (Minn. App. 2012).

"[T]he two-year time limit [in section 590.01, subdivision 4(a)] does not apply to motions properly filed under" rule 27.03, subdivision 9. *Vazquez*, 822 N.W.2d at 318. But "rule 27.03, subdivision 9, authorizes relief only if a party challenges a sentence, as opposed to a conviction, and only if a party does so by asserting that a sentence is 'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *Washington*, 845 N.W.2d at 213 (citation omitted).

The state argues that the district court abused its discretion by relying on *Reynolds v. State*, 874 N.W.2d 257 (Minn. App. 2016), *review granted* (Minn. Mar. 29, 2016), to allow Meger to challenge the conditional-release term under rule 27.03 and asserts that Meger should have been barred by the two-year postconviction statute of limitations in Minn. Stat. § 590.01, subd. 4(a) (2012).

In *Reynolds*, we examined the same substantive question raised by the state as in the case at bar—whether a defendant can raise a *Blakely* challenge of a judicially imposed

conditional-release term in a rule 27.03 motion. 874 N.W.2d at 260-61. Applying *Her*, we concluded that rule 27.03 is an appropriate vehicle to bring such a challenge so long as the defendant only seeks to remove an unconstitutionally imposed sentence and does not challenge the validity of the plea or conviction. *Id.* at 262.

At oral argument, the state relied on *State v. Collins* to argue that *Reynolds* is no longer precedential because it is currently under review by the Minnesota Supreme Court. 580 N.W.2d 36, 43 (Minn. App. 1988), *review denied* (Minn. July 16, 1988). The supreme court granted review of *Reynolds* on March 29.

We conclude that while *Reynolds* is currently under review by the Minnesota Supreme Court, it remains good law until and unless it is overturned. Even though *Reynolds* might not be "final," we generally follow a rule of law until the Minnesota Supreme Court announces a different rule of law. *See State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010) ("[T]his court[] is bound by supreme court precedent and the published opinions of the court of appeals."), *review denied* (Minn. Sept. 21, 2010). Here, *Reynolds* is not only persuasive in that it is factually similar to the instant case, but it is also a published opinion of this court, which we follow.

**III.    The postconviction court did not abuse its discretion by vacating Meger's conditional-release term and modifying his sentence to the maximum sentence allowable under the plea agreement.**

We review sentencing departures for an abuse of discretion. *State v. Masood*, 739 N.W.2d 736, 738 (Minn. App. 2007).

Principally relying on *State v. Wukawitz*, the state argues that the postconviction court erred by not allowing Meger to withdraw his plea, which the supreme court stated in

8

*Wukawitz* as the preferable option when a conditional-release term violates a plea agreement and the state is not unduly prejudiced by withdrawal. 662 N.W.2d 517, 527 (Minn. 2003).

At the outset, we note that the state has limited itself to arguing for only plea withdrawal as a remedy because it failed to brief or argue for any other remedy that the postconviction court could have granted Meger. "Failure to brief or argue an issue on appeal results in forfeiture of that issue on appeal." *Ouk v. State*, 847 N.W.2d 698, 701, n.7 (Minn. 2014), *cert denied*, 135 S. Ct. 1429 (2015). "Issues not raised or argued in appellant's [principal] brief cannot be revived in a reply brief." *State v. Petersen*, 799 N.W.2d 653, 660 (Minn. App. 2011), *review denied* (Minn. Sept. 28, 2011).

*Wukawitz* is factually distinguishable from the instant case in that *Wukawitz* did not involve a *Blakely* challenge to an illegal conditional-release term, as we are presented here. In *Wukawitz*, the statutorily mandated conditional-release term was legal, but it was imposed in such a way where it exceeded the maximum sentence contemplated and agreed upon by the parties at the plea hearing. 662 N.W.2d at 520. Here, Meger is *not* attacking the validity of his guilty plea or the plea agreement. He is only challenging an unauthorized sentence because he did not waive his *Blakely* rights at the plea hearing.

It is within a postconviction court's discretion to choose whether or not to impanel a sentencing jury in the wake of a *Blakely* sentencing violation. *Masood*, 739 N.W.2d at 741. In *Masood*, appellant moved under rule 27.03 to correct the district court's imposition of an upward sentence departure of 144 months based on aggravating factors, arguing that the upward sentence departure violated *Blakely* because it exceeded the presumptive

9

maximum allowable sentence and the aggravating factors were not proven beyond a reasonable doubt before a jury. 739 N.W.2d at 737-38. In affirming the district court's decision not to impanel a sentencing jury and instead modify the defendant's sentence, we noted that "the fact that the court has the authority to impanel a jury when there has been a *Blakely* sentencing violation is not tantamount to a mandate to do so." *Id.* at 740.

One of the established remedies available to the postconviction court for this type of *Blakely* violation is to modify the sentence to the maximum presumptive sentence. *See id.* at 738; *Grossman*, 636 N.W.2d at 548; *Jones*, 659 N.W.2d at 753-54 (ordering postconviction court to modify defendant's sentence for criminal sexual conduct to include a conditional-release term that was supported by jury verdict so long as the final sentence did not exceed the maximum presumptive sentence under law).

The postconviction court did not err in vacating the illegal ten-year conditional-release term and modifying Meger's sentence to the maximum allowable under the plea agreement.

**Affirmed.**